TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture/General Crimes Sections
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569/1785
    Facsimile: (213) 894-0142/0141
    E-mail: Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$1,083,740.00 IN U.S. CURRENCY AND MISCELLANEOUS PRECIOUS ITEMS,<br><br>    Defendants. | No. 2:21-cv-07279<br><br>EX PARTE APPLICATION FOR ORDER APPOINTING THE FEDERAL BUREAU OF INVESTIGATION AS SUBSTITUTE CUSTODIAN IN PLACE OF THE U.S. MARSHALS SERVICE AS TO MISCELLANEOUS PRECIOUS ITEMS; MEMORANDUM OF POINTS AND AUTHORITIES |

Pursuant to Supplemental Rule E(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions and Local Rule E.14(a) of the Local Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, plaintiff United States of America hereby respectfully applies for an order appointing the

Federal Bureau of Investigation as the substitute custodian in place of the United States Marshals Service as to defendant Miscellaneous Precious Items.  This application is based on the attached memorandum of points and authorities, the pleadings and files in this action, and such further evidence and argument as the Court may permit.

Dated: September 10, 2021    TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United states Attorney
Chief, Criminal Division

        /s/
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Asset Forfeiture/General Crimes Sections

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff United States of America ("plaintiff" or the "government") seeks an order appointing the Federal Bureau of Investigation ("FBI") as the substitute custodian in place of the United States Marshals Service ("USMS") as to defendant Miscellaneous Precious Items.

This is an <u>in rem</u> civil forfeiture action governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Supplemental Rules G(3) and E(4)[1] govern the execution of process and custody of property in an <u>in rem</u> civil forfeiture action.

Upon the filing of an <u>in rem</u> civil forfeiture complaint against property in the government's custody, the clerk of the court must issue an arrest warrant. Supplemental Rule G(3)(b)(i). Ordinarily, the USMS has management, and disposal of seized assets for forfeitures enforced by Department of Justice ("DOJ") agencies (and certain others). However, Supplemental Rule G(3) permits persons other than USMS to execute process where appropriate:

> **(c) Execution of Process.**
>
> (i)  The warrant and any supplemental process must be delivered to a person or organization authorized to execute it, who may be: (A) a marshal <u>or any other United States officer or employee</u> . . . or (C) <u>someone specially appointed by the court for that purpose</u>.

Supplemental Rule G(3)(c)(i)(A) and (C)(emphasis added).

---

[1] <u>See</u> Supplemental Rule G(1), which provides that Supplemental Rule E applies to an <u>in rem</u> civil forfeiture action to the extent that Supplemental Rule G does not address an issue.

1     Custody of property in an in rem civil forfeiture action is
2 governed by Supplemental Rule E(4).  The appointment of a substitute
3 custodian is a practice contemplated by that Supplemental Rule and
4 the Local Rules for Admiralty and Maritime Claims.  Supplemental Rule
5 E(4)(b) ("If tangible property is to be attached or arrested, the
6 marshal or other person or organization having the warrant shall take
7 it into the marshal's possession for safe custody"); Local Admiralty
8 Rule E.14(a) ("When . . . property is brought into the Marshal's
9 custody by arrest or attachment, the Marshal shall arrange for
10 adequate safekeeping . . . .  A substitute custodian in place of the
11 Marshal may be appointed by order of the Court").[2]
12     Here, the seizing and investigating agency as to one of the
13 named defendants 9Miscellaneous Precious Items) is FBI.  FBI is
14 within the Department of Justice.  In this instance, the USMS is not
15 the proper custodian of the defendant Miscellaneous Precious Items,
16 FBI should be appointed to be the custodian and to execute process.
17 ///
18 ///

---

[2] "A substitute custodian is held to the same standard of care as the U.S. Marshal, which is essentially a reasonable standard of care."  Scotiabank de Puerto Rico v. M/V Atuti, 326 F.Supp.2d 282,284 (D. Puerto Rico 2004).

2

For the foregoing reasons, the government respectfully requests that this Court appoint FBI as the substitute custodian in place of the USMS as to defendant Miscellaneous Precious Items.

Dated: September 10, 2021  TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United states Attorney
Chief, Criminal Division

            /s/
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys
Asset Forfeiture/General Crimes Sections

Attorneys for Plaintiff
UNITED STATES OF AMERICA