```
TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture/General Crimes Sections
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569/1785
     Facsimile: (213) 894-0142/0141
     E-mail: Victor.Rodgers@usdoj.gov
             Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:21-CV-007279-MWF(SKx) |
|---|---|
| Plaintiff, | |
| v. | RESPONSE TO ORDER TO SHOW CAUSE RE: FILING NOTICE OF RELATED CASES |
| $1,083,740.00 IN U.S. CURRENCY AND MISCELLANEOUS PRECIOUS ITEMS, | |
| Defendants. | |

Plaintiff United States of America respectfully submits this response to the Court's Order to Show Cause Re: Filing of Notice of Related Cases.  The government respectfully submits that this case is not related to United States of America v. U.S. Private Vaults, Inc., Case No. 21-CR-106 MCS (the "criminal case").  General Order 21-01

and Local Rule 83-1.3.2 provide that it is the responsibility of the parties to file a notice of related case whenever a civil forfeiture case and a criminal case (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges.  In addition, the Local Rule provides that "the Notice must include a brief factual statement that explains how the cases in question are related under the foregoing factors."

   The government respectfully submits that the criminal case and the instant _in rem_ civil forfeiture case are not related for the following reasons.  The criminal case is against the corporation U.S. Private Vaults, Inc. only.  There are no other individuals or entities named as defendants in the criminal case.  As reflected in the _in rem_ forfeiture complaint in the instant case, the defendants are $1,083,740.00 and miscellaneous precious items seized from boxes 4106 (miscellaneous precious items) and 4704 (currency) at U.S. Private Vaults held by Brian Sutton and Samantha Safir.  _See_ forfeiture complaint ¶ 5.  Neither of those individuals, Brian Sutton and Samantha Safir, are defendants in the criminal case, nor does the government seek to forfeit the civil forfeiture defendants $1,083,740.00 and miscellaneous precious items in the criminal case.  _See_ ¶ 3 of Forfeiture Allegations One, Two and Three in the indictment in the criminal case.  In addition, the _in rem_ forfeiture complaint in the instant action names Brian Sutton and Samantha Safir (and not U.S. Private Vaults, Inc.) as interested parties (_see_ forfeiture complaint ¶ 7), meaning that Brian Sutton and Samantha

1   Safir are the only persons or entities who might file claims
2   contesting the forfeiture of the defendant assets and thereby become
3   parties in the instant in rem civil forfeiture action.
4        The criminal case charges the corporation U.S. Private Vaults,
5   Inc. with violations of 18 § 1956(h) (conspiracy to launder money,
6   for drug trafficking and structuring proceeds), 21 U.S.C. § 846
7   (conspiracy to distribute controlled substances) and 18 U.S.C. 371
8   (conspiracy to structure transactions) while the instant civil
9   forfeiture case seeks to forfeit the defendant assets because they
10  involve traceable proceeds of violations of 18 U.S.C. §§ 220 (illegal
11  remunerations for referrals), 1343 (wire fraud) and/or 1347 (health
12  care fraud).  See complaint, first, second and third claims for
13  relief.  Accordingly, the criminal case and the instant forfeiture
14  case involve different parties, different facts, different assets and
15  different laws.  Therefore, the government respectfully submits that
16  the cases are not related within the meaning of General Order 21-01,
17  II.1.1c. and Local Rule 83-1.3.2.
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1    However, the instant forfeiture case might possibly be related
2 to another civil forfeiture case that has been filed.  It is not
3 clear, however, that those two cases are related.  Nevertheless, the
4 government will file by September 17, 2021, a notice of related cases
5 that pertain to this and the other civil forfeiture case.
6 Dated: September 14, 2021        Respectfully submitted,

                                  TRACY L. WILKISON
                                  Acting United States Attorney
                                  SCOTT M. GARRANGER
                                  Assistant United states Attorney
                                  Chief, Criminal Division


                                       /s/
                                  VICTOR A. RODGERS
                                  MAXWELL COLL
                                  Assistant United States Attorneys
                                  Asset Forfeiture/General Crimes
                                  Sections

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA